Farhod MANSURJONOV, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75671.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed July 30, 2007.

David Temple, Esq., Gallagher, Malloy & Georges, Philadelphia, PA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Helen J. Brunner, Esq., Office Of the U.S. Attorney, Seattle, WA, for Respondent.

Before: HAWKINS and WARDLAW, Circuit Judges, and POLLAK *, Senior Judge.

MEMORANDUM **

Farhod Mansurjonov, a native and citizen of Uzbekistan, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture

---

\* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("CAT"). Mansurjonov testified that he was repeatedly harassed, detained, and beaten by government authorities for investigating the mayor's and other officials' alleged involvement in a drug trafficking scheme. Because the Immigration Judge ("IJ") found Mansurjonov's testimony credible, we must accept it as true. *Sagaydak v. Gonzales*, 405 F.3d 1035, 1038 (9th Cir.2005).

The BIA affirmed the IJ's determination that Mansurjonov failed to show that the harms he suffered were on account of an enumerated ground. To qualify for asylum the persecution must be "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Because the record compels the conclusion that Mansurjonov's efforts were in opposition to widespread government corruption, and not just the mayor's aberrational activities, *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 (9th Cir.2004), we grant the petition in part and remand for further proceedings.

"Our cases make clear that a victim who is targeted for exposing government corruption is persecuted on account of political opinion." *Sagaydak*, 405 F.3d at 1042 (internal quotations omitted). "The 'salient question' is whether the petitioner's opposition to corruption was 'directed toward a governing institution, or only against individuals whose corruption was aberrational.'" *Mamouzian*, 390 F.3d at 1135 (quoting *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000)). "When a powerful political leader uses his political office ... and uses political connections throughout a wide swath of government agencies, both to facilitate and to protect illicit operations, exposure of his corruption is inherently political." *Hasan v. Ashcroft*, 380 F.3d 1114, 1121 (9th Cir.2004).

Mansurjonov testified that the mayor (now the country's Prime Minister) was a high-ranking government official, whose influence percolated through the police department, the National Security Service, the prosecutor's office, and possibly the judiciary. Mansurjonov repeatedly emphasized that he was investigating the mayor's alleged involvement in a drug trafficking scheme because he opposed widespread government corruption and feared the effects it would have on his country.

The retaliation Mansurjonov faced from multiple prongs of the government further demonstrates that he was being persecuted on account of his political views. *See Sagaydak*, 405 F.3d at 1042 ("Retaliation for investigating or publicizing corruption by political figures is by its very nature a political act."). The police searched Mansurjonov's car and beat him in the street, warning him not to get involved in the "drug case." The National Security Service threatened to "destroy" Mansurjonov if he continued to investigate the mayor's affairs. The prosecutor's office repeatedly detained, threatened, and beat Mansurjonov, specifically warning him not to get involved in the case with the mayor.

The government's argument that the harsh treatment Mansurjonov experienced was not "atypical," because Uzbekistan police routinely beat and abuse its citizens, is unpersuasive. "[M]any persecutors have mixed motives," and Mansurjonov's testimony demonstrates that every instance of brutality was accompanied by a specific threat or warning not to pursue his investigation. *Hasan*, 380 F.3d at 1121 (finding that when persecutors have mixed motives, "personal retaliation against a vocal opponent does not render the opposition any less political, or the opponent any less deserving of asylum.") (quoting *Grava*, 205 F.3d at 1181 n. 3).

Because the record compels the conclusion that Mansurjonov established the requisite nexus between the harms he suffered and the enumerated ground of political opinion, we remand to the BIA to determine in the first instance whether Mansurjonov satisfied the remaining requirements for asylum and withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Because the record does not compel the conclusion that it is more likely than not that Mansurjonov would be tortured if he returns to Uzbekistan, we affirm the BIA's denial of relief under CAT. *See Hasan,* 380 F.3d at 1122–23.

**GRANTED in part; DENIED in part; REMANDED.**

